IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| ROBERT GRIZZLE | § | |
| VS. | § | CIVIL ACTION NO. 9:22-cv-193 |
| CHRISTOPHER BELL, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Robert Grizzle, an inmate confined at the Lewis Unit of the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID"), proceeding *pro se*, brings this civil rights lawsuit against several defendants. This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Defendants Bell, Roberts and Tillis have filed a motion for summary judgment limited to failure to exhaust administrative remedies (doc. no. 13). Plaintiff has filed a response (doc. no. 14). The motion is therefore ripe for consideration.

The Motion for Summary Judgment

Plaintiff alleges that between July and September, 2019, the defendants were deliberately indifferent to his serious medical needs, subjected him to unconstitutional conditions of confinement, retaliated against him and used excessive force. He asserts defendant Tillis was deliberately indifferent to his serious medical needs on July 26. Plaintiff also contends that between July 30 and July 31, defendant Bell was deliberately indifferent to his serious medical needs and subjected him to unconstitutional conditions of confinement. Finally, plaintiff alleges that between July 31 and September 1, defendant Roberts was deliberately indifferent to his serious medical needs.

In their motion for summary judgment, defendants Bell, Roberts and Tillis assert plaintiff failed to exhaust his administrative remedies against them. They contend that while plaintiff filed

several grievances during the relevant time period, he did not file grievances concerning his allegations against them. Attached as Exhibit A to the motion for summary judgment are copies of the grievances plaintiff from June 1, 2019, through April 1, 2020, accompanied by a business records affidavit.

### Plaintiff's Response to the Motion

In his response to the motion, plaintiff acknowledges that the records submitted by defendants Bell, Roberts and Tillis do not include grievances relating to his claim against these defendants. Plaintiff states he filed a Step 1 grievance concerning his claims against all of the defendants, including defendants Bell, Roberts and Tillis. He asserts this grievance was returned unprocessed because it presented too many issues. Plaintiff states he then filed a grievance which omitted some of the issues. This grievance was accepted. However, when plaintiff filed a grievance concerning the omitted issues, the grievance was returned to him as redundant.

### Standard of Review

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Ellison v. Software Spectrum, Inc.*, 85 F.3d 187, 189 (5th Cir. 1996). A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

On summary judgment, "[t]he moving party has the burden of proving there is no genuine [dispute] of material fact and that it is entitled to judgment as a matter of law." *Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 246 (5th Cir. 2003); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party satisfies this burden, "the non-moving party must show that summary judgment is appropriate by setting forth specific facts showing the existence of a genuine issue concerning every component of its case." *Rivera*, 349 F.3d at 247. The nonmovant's burden "is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations,

by unsubstantiated assertions, or by only a scintilla of evidence." *Willis v. Roche Biomedical Labs., Inc.*, 61 F.3d 313, 315 (5th Cir. 1995). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

## Analysis

### *Exhaustion of Administrative Remedies*

Title 42 U.S.C. § 1997e(a) requires prisoners to exhaust administrative remedies before filing a civil rights action. The statute provides, "No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

Exhaustion of administrative remedies is mandatory and is intended to give correctional officials a chance to address complaints internally before a lawsuit is filed. *See Porter v. Nussle*, 534 U.S. 516, 525 (2001). The exhaustion requirement applies to all inmate suits concerning prison life, whether they involve general circumstances or particular episodes. *Id*. at 532. In addition, prisoners are required to exhaust administrative remedies before filing a lawsuit regardless of the type of relief prayed for in the complaint. *Booth v. Churner*, 532 U.S. 731, 741 (2001).

The United States Court of Appeals for the Fifth Circuit has taken a strict approach to exhaustion. *Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003). "Nothing in the Prison Litigation Reform Act . . . prescribes appropriate grievance procedures or enables judges, by creative interpretation of the exhaustion doctrine, to prescribe or oversee prison grievance systems." *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001). "District courts have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing [a] complaint." *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012).

In addition, the Supreme Court has held "that to properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable

procedural rules–rules that are defined not by [statute], but by the prison grievance process itself. Compliance with prison grievance procedures, therefore, is all that is required [by statute] to properly exhaust." *Jones v. Brock*, 549 U.S. 199, 218 (2007) (internal quotation marks and citations omitted). The exhaustion requirement requires "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.*, at 90-91. Accordingly, inmates must exhaust their administrative remedies in a procedurally correct manner. *Dillon v. Rogers*, 596 F.3d 260, 268 (5th Cir. 2010).

TDCJ-CID has a two-step grievance procedure which is available to inmates. *Wendell v. Asher*, 162 F.3d 887, 891 (5th Cir. 1998). The prisoner must pursue the grievance through both steps of the procedure for his claim to be considered exhausted. *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004).

*Application*

Plaintiff states he filed a Step 1 grievance concerning his claims against Defendants Bell, Roberts and Tillis which was not processed. This action is similar to those taken by the plaintiff in *Kidd v. Livingston*, 463 F. App'x 311 (5th Cir. 2012). In *Kidd*, the district court granted a motion for summary judgment based on failure to exhaust administrative remedies. The plaintiff argued in the district court that he timely filed a Step 2 grievance and produced a copy of an unprocessed Step 2 grievance form. The Fifth Circuit held that the plaintiff's "conclusory assertions" regarding exhaustion and his production of an unprocessed grievance form were insufficient to create a genuine dispute of fact as to exhaustion. 463 F. App'x at 313.

Plaintiff's actions are also similar to those taken by him in *Grizzle v. Stipe*, No. 21-50355, 2022 WL 2752222 (5th Cir. July 14, 2022). In that case, the district court granted a motion for summary judgment based on failure to exhaust administrative remedies. Plaintiff argued he filed a Step 1 grievance, but the grievance was not processed because it was not timely filed. The Fifth

Circuit stated as there was nothing in the record other than Plaintiff's own statement that he filed a grievance, Plaintiff failed to create a genuine issue of material fact as to whether he exhausted his administrative remedies. 2022 WL 275222, *1.

Plaintiff's assertion that he filed a Step 1 grievance concerning his claims against defendants Bell, Roberts and Tillis which was not processed is similar to the evidence in *Kidd* and to the evidence in Plaintiff's prior case. Plaintiff relies on no more than unsupported assertions that he filed this grievance. Such a conclusory assertion, like the conclusory assertions in *Kidd* and in plaintiff's prior case, are insufficient to create a genuine dispute of material fact as to whether plaintiff exhausted his administrative remedies concerning his claims against defendants Bell, Roberts and Tillis. Their motion for summary judgment should therefore be granted.

## Recommendation

The motion for summary judgment limited to failure to exhaust administrative remedies filed by defendants Bell, Roberts and Tillis should be granted and the claims against these defendants should be dismissed.

## Objections

Objections must be (1) specific, (2) in writing, and (3) served and filed within 14 days after being served with a copy of this report. 28 U.S.C. § 636(b)(1).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Serv. Auto. Ass'n.*, 79 F.3d 1415, 1429 (5th Cir. 1996) (*en banc*).

SIGNED this 21st day of December, 2023.

Zack Hawthorn
United States Magistrate Judge